UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY LEE HALL, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 2:21-cv-00992-RSM <br><br> ORDER GRANTING PETITIONER'S MOTION TO AMEND § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

## I. INTRODUCTION

Before the Court is Petitioner's Motion to Amend § 2255 Motion to Vacate, Set Aside, or Correct Sentence, Dkt. #7, and Petitioner's Motion for Appointment of Counsel and Motion to Brief Pleading Remanded Back to District Court, Dkt. #8. The Government filed no response to either Motion. Mr. Hall challenges the 210-month sentence imposed by this Court following his guilty plea for Assault of a Person Assisting Federal Officers, in violation of 18 U.S.C. § 111(a)(1); Assault of Federal Officers, in violation of 18 U.S.C. § 111(a)(1); and Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Dkt. #107; Case No. 2:21-cv-0092-RSM, Dkt. #7. Mr. Hall seeks to vacate his sentence because one of his prior state convictions was invalidated by *State v. Blake*, 197 Wn.2d 170 (2021). After full consideration of the record, and for the reasons set forth below, the Court GRANTS this Amended § 2255 Motion.

ORDER - 1

## II.     BACKGROUND

On March 25, 2019, Mr. Hall pleaded guilty to: Count 1, Assault of a Person Assisting Federal Officers; Count 2, Assault of Federal Officers; and Count 3 Using a Firearm During a Crime of Violence.  Case No. 2:16-cr-00225-RSM, Dkt. #92.  Under the Sentencing Guidelines, Mr. Hall's criminal history placed him at Category IV.  Dkt. #99 at 11.  Two of Mr. Hall's criminal history points were attributed to a November 27, 2010, conviction of Possession of Methamphetamine by the King County Superior Court.  *Id*.; *see* Case No. 10-1-10100-1.  Due to Mr. Hall's criminal history category, the Guideline Provisions suggested 84 to 105 months on Counts 1 and 2 with 3 to 5 years of supervised release.  Dkt. #98 at 1.  Count 3 required a mandatory 10-year sentence to be served consecutively to Counts 1 and 2. The Government agreed to not recommend a sentence more than 19 years, and Mr. Hall's counsel agreed to not recommend a sentence less than 10 years.  Dkts. #100, #101.  This Court entered a Judgment on October 25, 2019, imposing a sentence of 90 months for Counts 1 and 2 and 120 months for Count 3.  Dkt. #107.

On January 27, 2023, this Court denied Mr. Hall's § 2255 Motion.  Case No. 2:21-cv-00992-RSM, Dkt. #6.  While Mr. Hall's initial § 2255 Motion, Dkt. #1, was pending, Mr. Hall filed a motion seeking compassionate release under 18. U.S.C. § 3583(c), which this Court interpreted as a second or successive § 2255 Motion.  Dkt. #6.  This court denied the Motion, denied Mr. Hall a Certificate of Appealability, and referred the Motion to the Ninth Circuit Court of Appeals pursuant to Ninth Circuit Rule 22-3(a).  *Id*.  The Ninth Circuit transferred the Motion back to this Court with instructions, ordering that "insofar as the district court treats the instant filing as a § 2255 motion, the district court should construe the filing as a motion to amend Hall's earlier § 2255 motion."  Case No. 2:16-cr-00225-RSM, Dkt. #150.  The Ninth Circuit also noted

ORDER - 2

that this Court may consider Mr. Halls alternative argument for extraordinary and compelling reason for relief under § 3582(c). *Id*. at 2 n.1. !

Mr. Hall filed this instant petition *pro se* on October 30, 2022. Case No. 2:21-cv-00992-RSM, Dkt. #7. Mr. Hall also requests an Appointment of Counsel to determine relief. *Id*. at 1; Dkt. #8.

### III.   DISCUSSION

**A. Legal Standard**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law.

A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).

A claim may not be raised in a § 2255 motion if the defendant had a full opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro v. United States*, 123 S. Ct. 1690, 1693 (2003). Where a defendant fails to raise an issue before the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal, the issue is deemed "defaulted" and may not be raised under § 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007). Unless the petitioner can overcome this procedural default, the Court cannot reach the merits of his claims. *See Bousley*, 523 U.S. at 622. To do so, the petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168

ORDER - 3

(1982).[1] To demonstrate "cause" for procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to a procedural rule. *Murray*, 477 U.S. at 488. *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The "prejudice" prong of the test requires demonstrating "not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 at 170.

**B. MOTON TO AMEND**

First, the Court must determine whether Mr. Hall's Motion to Amend his original § 2255 Motion will be granted. As the Ninth Circuit determined, Mr. Hall's Motion to Amend was filed before adjudication of the initial § 2255 Motion had been completed. Thus, the Motion to Amend was not a barred second or successive motion. *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) Federal Rule of Civil Procedure 15(a)(2) provides that the Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Mr. Hall's Motion to Amend argues that his conviction wrongfully relied on a now-vacated prior conviction under *State v. Blake*. Dkt. #7. Accordingly, the Court GRANTS Mr. Hall's Motion to Amend his § 2255 Motion and will address the merits of his claims below.

**C. PETITION UNDER 28 U.S.C § 2255**

There is no dispute that Mr. Hall meets the "custody requirement of the statute and that this Motion is timely under § 2255(f). As the Ninth Circuit instructed, this Court considers Mr.

ORDER - 4

Hall's Motion as an Amended § 2255 Motion and not a second or successive petition within the meaning of § 2255(h).

Mr. Hall overcomes procedural default because, while Mr. Hall was convicted of the above three Counts in 2019, his prior conviction for Possession of Methamphetamine was not overturned until after the *Blake* ruling in 2021, the same year of his conviction at issue here and only months prior to his initial § 2255. *See Reed v. Ross*, 478 U.S. 1, 16 (1984) (holding that cause for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel."); *see also Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014) (A petitioner may "demonstrate actual innocence" by "show[ing] in light of subsequent case law that he cannot, as a legal matter, have committed the crime."); Case No. 2:16-cr-00225-RSM; Case No. 10-1-10100-1; 197 Wn.2d 170 (2021).

Furthermore, the reliance on Mr. Hall's now-vacated conviction was harmful. Mr. Hall's total criminal history score was 8, of which the prior conviction contributed 2 points. Dkt. #99 at 11. This criminal history score of 8 established Mr. Hall's criminal history category of IV. *Id*. With a total offense level of 25 and a criminal history category of IV, Mr. Hall's guideline imprisonment range was 84 months to 105 months for Counts 1 and 2. *Id*. at 17. Without the 2 criminal history points from Mr. Hall's now-vacated conviction, his criminal history score would be 6, establishing a criminal history category of III with a guideline imprisonment range of 70 to 87 months. This range, at maximum, is 3 months less than Mr. Hall's conviction of 90 months for Counts 1 and 2. Because Mr. Hall has established that this reliance on his now-vacated conviction was harmful and serves as a basis for § 2255 relief, the Court GRANTS Mr. Hall's § 2255 Motion.

//

ORDER - 5

**D. Motion for Court-Appointed Counsel**

Having so ruled above, the Court now considers Mr. Hall's Motion for Court-Appointed Counsel, Dkt. #8.

The district court has the discretion to appoint counsel in habeas matters. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The district court must appoint counsel in a § 2255 action when an evidentiary hearing is warranted pursuant to Rule 8(c) of the Rules Governing § 2255 Cases, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a). The district court also must appoint counsel when the case is so complex that the lack of counsel would result in the denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)). The Court may also consider whether the interests of justice otherwise require the appointment of counsel. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

As discussed above, Mr. Hall has established harmful reliance on his now-vacated conviction and has requested counsel to aid in his briefing and request for relief. Based on these findings and the issues involved in this case, the Court concludes that appointment of counsel is warranted and GRANTS Mr. Hall's Motion.

IV.   CONCLUSION

Having considered Petitioner's Motions and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. #7, is GRANTED.

2. The Court VACATES and sets aside the Judgment in Case No. 2:16-cr-00225-RSM.

3. The Court will resentence Mr. Hall, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence, at a date to be scheduled by the Court.

4. The parties shall contact the Court's Courtroom Deputy with their recommendations and availability for an appropriate sentencing date for the Court's consideration.

5. The Clerk is directed to forward a copy of this Order to Mr. Hall and all counsel of record.

DATED this 6th day of February, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7